# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| TERRY L. PYLES, #34864, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | Case No. 19-cv-01092-JPG |
| GRANITE CITY POLICE DEPT., MADISON COUNTY SHERIFF OFFICE, and OFFICERS, | ) | |
| Defendants. | ) | |

## MEMORANDUM & ORDER

**GILBERT, District Judge:**

Plaintiff Terry Pyles, a detainee at Madison County Jail ("Jail"), brings this action pursuant to 42 U.S.C. § 1983 for deprivations of his constitutional rights. (Doc. 1). Plaintiff claims that officers from Granite City Police Department and Madison County Sheriff Office conducted an illegal stop, search, and seizure of him in Nameoki Township, Illinois, on March 7, 2017. (*Id*. at pp. 1-7). Plaintiff brings claims against the defendants for federal and state law violations. (*Id*.). He seeks money damages and habeas relief.[1] (*Id*. at p. 2).

The Complaint is now before the Court for preliminary review under 28 U.S.C. § 1915A, which requires the Court to screen prisoner Complaints and filter out non-meritorious claims. 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous or malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed.

---

[1] Section 1983 authorizes money damages but not habeas relief. (Doc. 1, pp. 1-2). If Plaintiff would like to challenge his conviction and/or sentence in a petition for writ of habeas corpus, he may file a separate petition in state or federal court. *See, e.g.*, 28 U.S.C. §§ 2241 and 2254. This Order does not preclude him from doing so.

1

28 U.S.C. § 1915A(b). At this juncture, the factual allegations are liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## The Complaint

In the Complaint, Plaintiff makes the following allegations (Doc. 1, pp. 1-7): Just before midnight on March 7, 2017, Plaintiff and his fiancé were stopped while riding their bicycles by several officers from Granite City Police Department and/or Madison County Sheriff Office.[2] (*Id.* at p. 2). The officers were searching for an individual who fit an entirely different description than Plaintiff. (*Id.* at p. 7). During the stop, one or more officers "attacked" Plaintiff by striking him repeatedly in the kidneys. (*Id.* at pp. 2-6). At the time, Plaintiff was suffering from kidney stones, but the officer(s) did not stop striking him when they learned of his condition. (*Id.*). X-rays taken after the incident revealed a golf ball-sized kidney stone and one or more broken ribs. (*Id.*). Plaintiff was arrested and charged with unspecified crimes in Case No. 17-CF-690. (*Id.*). He seeks money damages, as well as "severance and immunity in . . . case # 17-CF-690."[3] (*Id.* at p. 7).

Based on the allegations, the Court finds it convenient to organize the *pro se* Complaint into the following enumerated Counts:

> **Count 1:** Fourth Amendment claim against Defendants for the unlawful stop of Plaintiff in Nameoki Township on March 7, 2017.
>
> **Count 2:** Fourth Amendment claim against Defendants for the unlawful arrest/seizure of Plaintiff in Nameoki Township on March 7, 2017.
>
> **Count 3:** Fourth Amendment claim against Defendants for the unlawful use of force against Plaintiff in Nameoki Township on March 7, 2017.
>
> **Count 4:** Fourth Amendment claim against Defendants for denying Plaintiff medical care following their use of excessive force against him in Nameoki Township on March 7, 2017.

---

[2] Plaintiff refers to three separate encounters with the officers on the same night.
[3] As explained in footnote 1 above, this action focuses on Plaintiff's claims for money damages under Section 1983. Any request for habeas relief must be pursued, if at all, in separate action brought in state or federal court.

**Count 5:** Illinois state law claims against Defendants (*see* Doc. 1, p. 3).

**Any claim that is mentioned in the Complaint but not addressed herein is considered dismissed without prejudice under *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).**

### Discussion

Section 1983 liability hinges on personal responsibility for a constitutional deprivation. *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001). The doctrine of *respondeat superior* does not apply to Section 1983 actions. *Id.* Therefore, Plaintiff must set forth sufficient allegations against each named defendant to establish his or her personal involvement in a violation of his constitutional rights.

Plaintiff named officers of Granite City Police Department and Madison County Sheriff Office as defendants in the case caption of the Complaint. (Doc. 1, p. 1). He then referred to them collectively as "officers" and individually as "officer" in his statement of claim—never drawing a distinction between different individuals. Plaintiff later supplemented his Complaint with the names of three officers involved in the incident on March 7, 2017: Ben Martin (DSN 352), Deputy Ray (DSN 345), and Officer Brandon Schellenberg (Granite City officer). (Doc. 12). Plaintiff asks the Court to simply add these individuals to the list of defendants and allow him to proceed with claims against them. The Court declines to do so.

Even if the Court accepted this piecemeal amendment to the Complaint, the supplement would not save it. Plaintiff used a single generic designation ("Officer/Officers") to refer to at least three different individuals in the Complaint. (Doc. 1, pp. 1-7). As a result, the Court and the defendants cannot discern which individual—Ben Martin, Deputy Ray, or Officer Schellenberg—was involved in each of the three separate encounters that gave rise to the five claims identified above.

When a plaintiff does not know the name of a defendant, he may use a fictitious name. *Maclin v. Paulson*, 627 F.2d 83, 87 (7th Cir. 1980). However, he must identify each individual defendant using a *different* name. Had Plaintiff identified the three unknown defendants as "Officer John Doe 1," "Officer John Doe 2," and "Officer John Doe 3" in the case caption and statement of his claim, the Court and defendants might be able to identify which defendant was involved in each constitutional deprivation. As it stands, the Court cannot. The Complaint thus fails to satisfy the Rule 8 notice requirement because it lacks sufficient detail to put each individual defendant on notice of which claims in the Complaint are stated against him or her. *See* FED. R. CIV. P. 8(a); *Twombly*, 550 U.S. at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

The fact that Plaintiff named Granite City Police Department and Madison County Sheriff Office as defendants does not change this outcome. Governmental entities cannot be held liable for the unconstitutional acts of their employees unless the acts were carried out pursuant to an official custom or policy. *Monell v. Dep't of Soc. Servs. of New York*, 436 U.S. 658, 690, 694 (1978); *Pourghoraishi v. Flying J, Inc.*, 449 F.3d 751, 765 (7th Cir. 2006). Plaintiff identifies no policy or custom that caused a violation of his constitutional rights. Accordingly, no claims can proceed against either municipal defendant.

The Complaint does not survive screening under Section 1915A and shall therefore be dismissed. If Plaintiff wishes to replead any claims in this action, he may do so by filing an amended complaint consistent with the instructions and deadline in the below disposition.

### Request for Counsel

Plaintiff's request for counsel in the Complaint is **DENIED** without prejudice. *See Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007) (articulating factors district court must consider when presented with request for counsel by indigent litigant). Plaintiff has not demonstrated any efforts

to locate counsel on his own, and he has exhibited an ability to prepare and file coherent pleadings in this case to date. He also identifies no impediments to self-representation that warrant the immediate recruitment of counsel. Should his situation change, Plaintiff may renew his request by filing a separate motion.

## Disposition

**IT IS ORDERED** that the **COMPLAINT** (Doc. 1), including **COUNTS 1, 2, 3, 4,** and **5,** is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted. The pending Notice of Intention to Litigate Section 1983 Claim (Doc. 9) is **DISMISSED** as **MOOT**.

Plaintiff is **GRANTED** leave to file a "First Amended Complaint" on or before **January 23, 2020**. Should Plaintiff fail to file his First Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the entire case shall be dismissed with prejudice for failure to comply with a court order and/or for failure to prosecute his claims. FED. R. CIV. P. 41(b). *See generally Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2). The dismissal shall also count as a "strike" under 28 U.S.C. § 1915(g).

It is strongly recommended that Plaintiff use the civil rights complaint form designed for use in this District. He should label the form, "First Amended Complaint," and he should use the case number for this action (No. 19-cv-01092-JPG). To enable Plaintiff to comply with this Order, the **CLERK** is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004). Therefore, the Court generally will not accept piecemeal amendments to the original Complaint. The First Amended Complaint must stand on its own without reference to any

previous pleading.  Plaintiff must re-file any exhibits he wishes the Court to consider along with it.  The First Amended Complaint is subject to review pursuant to 28 U.S.C. § 1915A.

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this Order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: 12/26/2019**

s/J. Phil Gilbert
**J. PHIL GILBERT**
**United States District Judge**