# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **TERRY L. PYLES, #34864,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | Case No. 19-cv-01092-JPG |
| ) | |
| **BENJAMIN MARTIN,** ) | |
| **DEPUTY RAY, and** ) | |
| **BRANDON SCHELLENBURG,** ) | |
| ) | |
| **Defendants.** ) | |

## MEMORANDUM & ORDER

**GILBERT, District Judge:**

This matter is before the Court for preliminary review of the First Amended Complaint filed by Plaintiff Terry Pyles. (Doc. 14). Pyles is a detainee at Madison County Jail ("Jail"), and he brings this action pursuant to 42 U.S.C. § 1983 for constitutional deprivations that resulted from an illegal stop, search, and seizure in Nameoki Township, Illinois, on March 7, 2017. (*Id.* at pp. 1-9). Plaintiff brings claims against the defendants for federal and state law violations. (*Id.*). He seeks monetary relief. (*Id.* at p. 2).

The First Amended Complaint is now before the Court for preliminary review under 28 U.S.C. § 1915A, which requires the Court to screen prisoner complaints and filter out non-meritorious claims. 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous or malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations are liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

**First Amended Complaint**

Plaintiff makes the following allegations in the First Amended Complaint: While taking a midnight bike ride with his fiancé on March 7, 2017, Plaintiff was subjected to an unlawful search and seizure that resulted in injuries and his arrest. (Doc. 14, pp. 1-11). He encountered officers from Granite City Police Department and Madison County Sheriff's Office on three separate occasions. (*Id*. at p. 2). The officers were searching for the individual(s) who were responsible for automobile vandalisms in the area. (*Id*.).

Plaintiff passed by Deputy Martin (Madison County Sheriff's Office) three times and spoke to the officer each time. (*Id*.). The first two encounters were friendly and without incident. (*Id*.). The third was not. (*Id*.).

During their third encounter, Deputy Martin asked Plaintiff if it was "normal for you guys to be riding bikes at this time of the day," and Plaintiff responded by asking the officer if he was under arrest. (*Id*. at p. 3). Deputy Martin replied, "No, not at this time." (*Id*.). As Plaintiff and his fiancé continued riding their bikes, Deputy Martin "tackle[d]" Plaintiff and knocked him off his bike. (*Id*.). The bicycle handlebars struck Plaintiff in the back and caused him to suffer excruciating pain. (*Id*. at p. 4). At the time, Plaintiff was suffering from golf ball-sized kidney stones. (*Id*.).

While on the ground, Plaintiff heard Deputy Martin say, "Stop resisting." (*Id*.). Deputy Ray (Madison County Sheriff's Office) and Officer Schellenberg (Granite City Police Department) appeared and said, "He's going for his beltline." (*Id*.). One of the officers began striking Plaintiff in his right side, breaking several of his ribs. (*Id*.). Plaintiff was cuffed, forced into a sitting position, and searched. (*Id*.). The search revealed "contraband," and Plaintiff was placed under arrest. (*Id*.). Deputy Martin denied Plaintiff's request for medical treatment. (*Id*.).

2

Deputy Martin issued a field report stating that victims of automobile vandalisms positively identified Plaintiff as the perpetrator, resulting in his arrest and detention in Madison County Jail on three felony counts of criminal damage to property and resisting arrest. (*Id*. at pp. 5-6). However, Plaintiff was never actually charged with these crimes. (*Id*.)

Based on the allegations, the Court finds it convenient to organize the *pro se* First Amended Complaint into the following enumerated Counts:

**Count 1:** Fourth Amendment claim against Defendants for the unlawful stop of Plaintiff in Nameoki Township on March 7, 2017.

**Count 2:** Fourth Amendment claim against Defendants for the unlawful search and seizure of Plaintiff in Nameoki Township on March 7, 2017.

**Count 3:** Fourth Amendment claim against Defendants for the unlawful use of force against Plaintiff in Nameoki Township on March 7, 2017.

**Count 4:** Fourth Amendment claim against Defendants for denying Plaintiff medical care following their use of excessive force against him in Nameoki Township on March 7, 2017.

**Count 5:** Illinois state law claims against Defendants for assault, battery, false arrest, and malicious prosecution.

**Any claim that is mentioned in the First Amended Complaint but not addressed herein is considered dismissed without prejudice under *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).**

## Discussion

Plaintiff brings this action pursuant to 42 U.S.C. § 1983, which imposes liability for acts or omissions occurring under color of state law in violation of the U.S. Constitution or other federal law. *See* 42 U.S.C. § 1983. The statute of limitations for Section 1983 actions in Illinois is two years. *O'Gorman v. City of Chicago*, 777 F.3d 885, 889 (7th Cir. 2015) (citing *Moore v. Burge*, 771 F.3d 444, 446 (7th Cir. 2014); *Wallace v. Kato*, 549 U.S. 384, 387 (2007)). Plaintiff's claims

arose from an isolated incident that occurred in Nameoki Township on March 7, 2017.  (Doc. 14). He should have filed this action within two years of that date—no later than March 7, 2019. However, Plaintiff signed the Complaint on September 20, 2019, and it was filed in this Court on October 7, 2019.  (Doc. 1, pp. 1-7).  He missed the deadline for filing his federal claims by more than six months.  Counts 1, 2, 3, and 4 are time-barred and shall be dismissed with prejudice. Having dismissed the federal claims, this Court declines to exercise supplement jurisdiction over Plaintiff's miscellaneous state law claims in Count 5, which shall be dismissed without prejudice. *See* 28 U.S.C. § 1367(c)(3).

## Disposition

**IT IS ORDERED** that this action, including the First Amended Complaint (Doc. 14) and **COUNTS 1, 2, 3** and **4**, are **DISMISSED** with prejudice as being time-barred.  The Court declines to exercise supplemental jurisdiction over **COUNT 5**, and Plaintiff's miscellaneous state law claims are **DISMISSED** without prejudice to any suit he wishes to file in Illinois state court.  *See* 28 U.S.C. § 1367.  Plaintiff is **ADVISED** that this dismissal does not count as one of his allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).  *See Hatch v. Briley*, 230 Fed. Appx. 598, 599 (7th Cir. 2007).

Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350.00 remains due and payable unless.  *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

If Plaintiff wishes to appeal this Order, he may file a notice of appeal with this Court within thirty days of the entry of judgment.  FED. R. APP. 4(A)(4).  If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal.  *See* FED. R. APP. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir.


2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien*, 133 F.3d at 467. Moreover, if the appeal is found to be nonmeritorious, Plaintiff may also incur a "strike." A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of judgment, and this 28-day deadline cannot be extended.

The Clerk shall **CLOSE THIS CASE** and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: 4/24/2020**

                                              s/J. Phil Gilbert
                                              **J. PHIL GILBERT**
                                              **United States District Judge**